No. 07-14-00133-CR

946-15

In The
Court of Criminal
Appeals
Of Texas

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 21 2015

Abel Acosta, Clerk

Preston Dennard Massey
v.
State of Texas

On Appeal from the 40th District Court
Ellis County, Texas
Tr. Ct. No. 37429CR. PD-0946-15
COA Case No. 07-14-00133-CR

Petition for Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

Preston Massey #01921354
Polunsky Unit
3872 FM 350 S.
Livingston Tx 77351

Aug. 15, 2015

i

Please send reciept upon certification.

# Table of Contents

Cover Page .............................................. i
Table of Contents ....................................... ii
Index of Authorities .................................... ii, iii, iv
Statement on Oral Argument .............................. 1
Statement of Case ....................................... 1
Statement of Procedural History ......................... 1
Questions for Review .................................... 1
Arguments and Authorities ............................... 1, 2, 3, 4
Reason for Review ....................................... 5
Prayer .................................................. 5
Certificate of Service .................................. 6

# Index of Authorities

## State

Anderson v. Johnson, 338 F.3d 382 (5th Cir 2003) ............ 4

Estes v. Texas. 381 U.S. 532, 540, 85 S.Ct. 1628, 14 L Ed 2d 543 (1965) .. 2

Missouri vs. Siebert, 542 U.S. 600 (2004) .................. 4

U.S. v. Dickerson (2004) .................................. 2

U.S. v. Orso 266 F.3d, 1030, 1033-34 (9th Cir. 2001) ....... 4

U.S. v. Williams, 435 F.3d 1148 (9th Cir 2006) ............. 4

## Texas

Aff'd 30 S.W. 3d 349 (Tex. Crim. App. 2000) ................ 2

Anders, 501 S.W. 2d 665 (Tex. Crim App. 1973) ............. 4

Bethany v. State, 814 S.W. 2d 455 (Tex. Crim. App. Houston [14-Dist]) (1991) ................................................. 2

Brasher v. State, 715 S.W. 2d 827, 831 (Tex. App.- Houston [14th Dist] (1986) ............................................... 3

Brewer, 649 S.W. 2d 628 (Tex. Crim. App. 1983) - - - - - - - - - - 4

Cole v. State, 611 S.W. 2d 79 (Tex. Crim. App. 1981) - - - - - - - 2

Curry v. State, 1 S.W. 175, 177 (Tex. App. - El Paso 1999) - - - - 2

Dowthitt v. State, 931 S.W. 2d 244, 258 (Tex. Crim. App. 1996) - - - 4

Edwards, 867 S.W. 2d 90 (Tex. App. Corpus Christie 1993) - - - - - 3

Ervin v. State, 333 S.W. 3d 187, 212-13 (Tex. App. Houston [1st Dist] 2010) - - - - - - - - - - - - - - 4

Ex Parte Dunham, 650 S.W. 2d 825 (Tex. Crim. App. 1983) - - - - - 4

Fields v. State, 966 S.W. 2d 736, 741 (Tex. App. San Antonio 1998) - - - 3

Flemming v. State, 949 S.W. 2d 876, 878 (Tex. App. Houston [14th Dist] 1997) - - - - - - - - - - - - - - 4

Fletcher, 214 S.W. 3d 5 (Tex. Crim. App. 2007) - - - - - - - 2

Garner, 552 S.W. 2d 809 (Tex. Crim. App. 1977) - - - - - 2

Henley v. State, 576 S.W. 2d 66, 69 (Tex. Crim. App. 1928) - - - 2

Hickman, 548 S.W. 2d 736 (Tex. Crim. App. 1977) - - - - - 2

Jones, 422 S.W. 2d 183 (Tex. Crim. App. 1967) - - - - - 2

Keggan v. State, 618 S.W. 2d 54 (Tex. Crim. App.) - - - - - 4

Martinez, 272 S.W. 3d 615 (Tex. Crim. App. 2005) - - - - -

Miranda v. State, 813 S.W. 2d 724, 735 (Tex. App. San Antonio 1991) - - 3

Morin, 960 S.W. 2d 132 (Tex. App. Corpus Christie 1997) - - - 3

Powell, 560 S.W. 2d 646 (Tex. Crim. App. 1977) - - - - - 4

Ramirez, 987 S.W. 2d 938 (Tex. App. Austin 1999) - - - - - 4

Reyes, 468 S.W. 2d 64 (Tex. Crim. App. 1971) - - - - - 3

Rose, 802 S.W. 2d 367 (Tex. App. Dallas 1990) - - - - - 2

Sanders, 715 S.W. 2d 771 (Tex. App. Tyler 1986) - - - - - 4

Soto v. State, 623 S.W. 2d 938 (Tex. Crim. App) - - - - - 2

Staley v. State, 888 S.W. 2d 45, 49 (Tex. App. - Tyler 1994) - - - - 3

Sterling, 800 S.W. 2d 513 (Tex. Crim. App. 1990) - - - - - 4

Taylor v. Smith, 420 S.W. 2d 601 (Tex. Crim. App. 1967) - - - - 2

Tyra, 554 S.W. 2d 695 (Tex. Crim. App. 1976) . . . . . . . . . . . 2

Villarreal, 468 S.W. 2d 837 (Tex. Crim. App 1971) . . . . . . . . 2

Wiggins, 539 S.W. 2d 142 (Tex. Crim. App. 1976) . . . . . . . 2

Williamson, 771 S.W. 2d 601 (Tex. App. 1989) . . . . . . 4

Tex. Penal. Code. Ann 12.42(d) . . . . . . . . . . . 2

## Statement on Oral Argument

Petitioner Request that oral argument be held.

## Statement of Case

Petitioner was indicted for Burglary of Hab.; second degree felony; alleged to have happened on or about September 04, 2012. Cases' proceeded to trial without a jury, and judge returned a verdict of guilty on February 10, 2014. Held in recess till March 04, 2014 regarding sentencing; then judgement was assessed at sixty years. A timely notice was signed on March 04, 2014, later filed on March 21, 2014.

## Procedural History

Date is unknown when Petitioners' trial court attorney Cindy Buckner (#24012353) was appointed as appeal counsel. Trial Court never gave notice. Mrs. Buckner filed brief with Seventh Dist. Court of Appeals, Amarillo claiming the evidence was insufficient to support conviction. On June 05, 2015 the Court of Appeals issued a Memorandum Opinion overruling first issue, and sustaining second issue in part and overruling in part. On July 31, 2015 Petitioners' filed a motion for Rehearing and courts overruled motion. On July 27, 2015 Petitioner was granted motion of Extension of Time to file Petition for Discretionary Review.

## Grounds for Review

The Court of Appeals errored in overruling first issue based on circumstantial evidence in the case. I don't believe the Court of Appeals considered the clear violations of my Constitutional Amendment Rights in this case.

## Arguments

In objection with Court of Appeals Ruling, Petitioner raises six issues based on trial records, demonstrating reversible errors.

1

(A) Trial Judge Abuse his discretion by maintaining an attitude of impartiality throughout the trial.

As both the United States Supreme Court and the Court of Criminal Appeals have noted, "the atmosphere is essential to the preservation of a fair trial"; The most fundamental of all freedoms must be maintained at all cost. Therefore Judge Bob Robert Carroll, violated Petitioners' Constitution Amendments 5th, 6th, and 14th; by showing impartiality while making bias and prejudice judgements toward Petitioner during trial. Judge Carroll, found fault with indictment in the middle of trial and called for recess which lasted for over one week long. At the same time of call of recess, made a personal statement to Assistant Dist. Attorney Amy Nguyen "to go view case law "State v. Brumley" to see if they were able to use indictment against Petitioner. Trial Court created a coercive atmosphere, violating rights to fair trial, and effective assistance of counsel.

(B) Judges Abuse of discretion being that a fundamentaly defective indictment will not provide trial court with jurisdiction, and for that reason any conviction based on it is void.

The chronology of the commission of prior felonies is an essential element of Tex. Penal Code Ann. 12.42(d). This requires that the "State" prove the second previous felony is for an offense that occured subsequent to the finality of the first prior. The state failed to prove such, therefore lessening the burden of proof of evidence and enhancements. Also, Jeppardy attatches in bench trial, and trial commences so that charging instrument may nolonger be ammended; when both sides announces there ready and defendant pleads to charging instrument. Enhancement is inadmissible entitling Petitioner to new trial.

2

(C) Oral testimony and written statement given by Latoya Reed was inconsistant revealing falshood and subjection to perjury.

Written statement given by Latoya Reed to Det. McKie was addmitted into evidence at trial. Which oral testimony spoken during trial by Reed were inconsistant with eachother revealing perjury. Upon cross examination Reed was questioned about statement made pertaining to allegations to establish truth of statement. Reed then stated she did not know neither remembered! Reed then named a side door that does not exsist. For, there was no evidence addmitted, to show the exsistance of a side door, or any type of tampering within the front door. This also proves perjury of statement by Reed. Nor, was there evidence provided to show the exsistance of alleged witnesses spoken of by Reed. Neither, did Det. McKie or Prosecutor provide any type evidence upon their investigation.

(D) Lack of Evidence by Investigator Det. McKie to prove Petitioner committed Alleged Burglary of Hab.

Det. McKie statement of investigation results only showed possesion of two tv's. Det. McKie never stated he had proof that Petitioner entered the residence of Heather Starks. Under oath Det. McKie stated he never took fingerprints or any other evidence leading to Petitioner were crime was committed. The only evidence obtained by Det. McKie was a perjured statement retained from Reed.

(E) Violation of Constitution and Miranda Rights. Petitioner was never taken before magistrate or explained Miranda Rights.

On September 27, 2012, Petitioner was picked up at the Clay County jail in Henrietta, Tx. Then taken on a

3

four to five hour trip to Waxahachie, Police Department to Det. McKies' office without food, drink, or restroom use. Det. McKie, held Petitioner in his office for an added two to three more hours. Upon obtaining a coerced written statement; Det. McKie deliberately used a two-step question first, warn later strategy to obtain statement from Petitioner. Although Det. McKies' actions of intimidation, coercion, and deception to recieve statement from Petitioner was a violation of Petitioners' 5th, 6th, and 14th Amendment. Petitioner never addmitted to entering the Residence of Heather Starks. Although, Det. McKie made false promises to Petitioner to help prove his innosence.

(F) Petitioner Recieved Ineffective Assistance of Counsel And violation of Constitution Amendments due to personal intrest.

Petitioner was represented by one and the same Counsel Cindy Buckner (#24012353) during trial and Appeal; which Petitioner tried hard to prevent. During trial Cindy Buckner was associated and neighbors with alleged victim Heather Starks. Prior to trial Mrs. Buckner stated to Judge Carroll that she would like to withdraw as Petitioners' counsel, yet was denied. Mrs. Buckners' address is 306 W. 6th street; and alleged victim Ms. Starks address is or was 305 W. 6th street; both in Waxahachie Tx. 75165. Ineffective Assistance of counsel was shown when counsel failed to interview alleged witness and depended on State files for evidence. Counsel also failed to investigate enhancement defects. Counsel refuse to object to witness statements, and custodial interrogation, and Miranda Rights.

4

# Reason for Granting Review

(1) Texas Rules of Appellate Procedure 66.3

(A) Whether a Court of Appeals' conflicts with another court of appeals' decision on the same issue;

(B) Whether a court of appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals;

(C) Whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of the U.S;

(D) Whether a court of appeals has declared a statue, Rule, Regulation or ordinance unconstitutional, or appears to have misconstrued a statue, Rule, Regulation, or ordinance;

(E) Whether the justices of a court of appeals have disagreed on a material question of law necessary to the courts' decision;

(F) Whether a court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## Prayer

Wherefore, for reasons set forth herein, and in his objections; the Petitioner request that this Honorable Court grant this Petition for Discretionary Review; and reverse conviction for burglary in and render an order of acquittal of the offense of Burglary of a Habitation.

5

# Certificate of Service

I Preston D. Massey, (pro se) Petitioner, hereby certify a true and correct copy of Petition for Discretionary Review was sent U.S. postal mail; from (T.D.C.J) Polunsky Unit, 3872 FM 350 S., Livingston Tx. 77351; Return Receipt Requested. August 17, 2015!

_Preston D. Massey_
PRESTON D. MASSEY

6



## In The
# Court of Appeals
## Seventh District of Texas at Amarillo

---

### No. 07-14-00133-CR

---

### PRESTON DENNARD MASSEY, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 37,429-CR; Honorable Bob Carroll, Presiding

---

June 5, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Preston Dennard Massey, was charged by indictment with the offense of burglary of a habitation, enhanced by two prior felony convictions.[1] After being convicted by the court, he was sentenced to sixty years imprisonment. By two issues, Appellant contends the evidence was insufficient to support both his conviction and the

---

[1]See TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). The trial court found one of the two enhancement allegations to be true, making the offense punishable as a first degree felony. *See id.* at §§ 30.02(c)((2), 12.42(b).



assessment of attorney's fees as costs of court.[2] We will modify the judgment of the court to delete excess court costs and affirm as modified.

BACKGROUND

On September 4, 2012, Heather Starks returned home to find her back door open and two television sets and an iPad missing. After speaking with her sister, Hillary, Heather began to suspect that Appellant may have been the person who burglarized her home.

At trial, Hillary testified that she had stayed at her sister's home during the 2012 Labor Day weekend and that Appellant had stayed with her. Hillary testified that when she and Appellant left the residence, she locked both the front and back doors, and no items were missing from the home at the time.

Latoya Reed, Appellant's cousin and a friend of Hillary's, testified that on September 4, Appellant called her and asked her to pick him up at a particular residence. Latoya was unfamiliar with the residence; however, Appellant provided her directions. When she arrived, Appellant loaded two television sets and an iPad into the back of her vehicle. At the time, Latoya didn't suspect anything was out of the ordinary because Appellant had explained that he was in the process of breaking up with his girlfriend and she assumed he had the authority to remove the items because this was being done in the middle of the day and there were many witnesses around. Latoya

[2] This case was transferred to this Court from the Tenth Court of Appeals pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (WEST 2013). We have applied precedent from that court where applicable. *See* TEX. R. APP. P. 41.3.

2

then drove Appellant to Top Dollar Pawn, where he pawned the items. Appellant later gave Latoya twenty dollars for gas money.

Daniel Udave, an employee of Top Dollar Pawn, testified that on September 4, 2012, Appellant pawned two Samsung televisions for $475. The serial number from the items pawned matched the serial number of the items missing from Heather's residence. At the same time, Appellant pawned an iPad. A video from a surveillance camera at the pawn shop showed Appellant pawning the two televisions.

Detective Derek McKie of the Waxahachie Police Department testified that he located the items taken from Heather's residence at Top Dollar Pawn and he was able to learn that Appellant was the person who pawned those items. After Appellant was arrested he gave both a written and audio statement to the police where he explained that someone named "Chicken" had actually taken the items from the residence and that he had merely picked the items up from behind the residence.

Hillary also testified that she visited Appellant in jail and asked him why he had burglarized her sister's home. Appellant told her that people were after him because he owed them money, and he admitted to committing the crime.

STANDARD OF REVIEW

To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.

3

Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This requires the reviewing court to defer to give "full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic fact to ultimate facts." *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson*, 443 U.S. at 326.

ISSUE ONE—SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION

By his first issue, Appellant contends the evidence presented at trial was legally insufficient for the trial court to find him guilty of the offense charged. A person commits the offense of burglary of a habitation if, he enters a habitation and commits or attempts to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Here, Appellant contends the State failed to prove that he entered a habitation because merely finding stolen items outside the complainant's residence does not establish that he entered that residence. Although Appellant admits to pawning the items removed from the residence, he maintains another person, known only as "Chicken," is the person who entered the residence and committed the theft. He further contends that the analytical gap between his possession of the stolen items and the actual burglary cannot be established under the law of parties because there is no

4

evidence he acted together with "Chicken," or any other party, at the time of the offense. Not only does Appellant's argument totally ignore the testimony of Latoya Reed that she actually witnessed Appellant enter the residence and remove the items, it fails to account for the reasonable conclusion a fact finder could have reached based upon the circumstantial evidence in the case. Appellant's first issue is overruled.

ISSUE TWO—SUFFICIENCY OF EVIDENCE TO SUPPORT COURT COSTS

By his second issue, Appellant maintains the evidence is legally insufficient to support the $2,885 in court costs included in the judgment. A supplemental clerk's record contains a *Bill of Costs* showing the legislatively mandated costs of court to be $274. Because there is no evidence to support the difference between the costs included in the judgment and the costs as represented by the *Bill of Costs*, the State concedes the judgment may be reformed to reflect those costs supported by the record. See *Johnson v. State*, 423 S.W.3d 385, 395 (Tex. Crim. App. 2014). Accordingly, we sustain Appellant's second issue in part and overrule it in part.

CONCLUSION

Appellant's judgment is reformed to reflect court costs of $274, and as reformed, the judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5